**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4388**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

KATRINA GOULD, a/k/a Trina,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, Chief District Judge.  (3:10-cr-00087-FDW-8)

Submitted: March 26, 2014        Decided: April 2, 2014

Before DUNCAN, AGEE, and WYNN, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Daniel K. Dorsey, Washington, D.C., for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Katrina Gould pleaded guilty to conspiracy to possess with intent to distribute cocaine base ("crack"), in violation of 21 U.S.C. § 846 (2006). The district court sentenced Gould to 120 months of imprisonment and she now appeals. Appellate counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether trial counsel rendered ineffective assistance. Gould filed a supplemental pro se brief raising additional issues.[*] We initially ordered that the parties submit supplemental briefs on several sentencing issues. However, in its supplemental brief, the Government has asserted Gould's waiver of her appellate rights contained in the plea agreement. For the reasons that follow, we affirm Gould's conviction in part and dismiss in part.

Pursuant to a plea agreement, a defendant may waive his appellate rights under 18 U.S.C. § 3742 (2012). United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990). A waiver will preclude appeal of a specific issue if the waiver is valid and the issue is within the scope of the waiver. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). The question of

---

[*] We have thoroughly considered the arguments raised in Gould's pro se supplemental brief and conclude that they lack merit.

whether a defendant validly waived his right to appeal is a question of law that this court reviews de novo. Id. at 168.

"The validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169 (citation omitted). To determine whether a waiver is knowing and intelligent, we examine "the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks and citation omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Rule 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

We have thoroughly reviewed the record and conclude that the district court substantially complied with the requirements of Rule 11. We further conclude that Gould's waiver of her appellate rights was knowing and intelligent. The appellate waiver included Gould's right to appeal any issues related to her conviction or the sentence imposed, except claims of prosecutorial misconduct or ineffective assistance of

3

counsel.  Therefore, Gould has waived appellate review of her conviction and sentence.

Appellate counsel questions whether Gould's trial counsel rendered ineffective assistance for failing to challenge the prior conviction used to enhance the statutory penalties applicable to Gould.  To prove a claim of ineffective assistance of counsel, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Under the second prong of the test in the context of a conviction following a guilty plea, a defendant can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).  Moreover, this court may address a claim of ineffective assistance on direct appeal only if the lawyer's ineffectiveness conclusively appears on the record.  United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006).

Under the statute, If a defendant is convicted under § 846 after sustaining one or two prior convictions for felony drug offenses, the defendant is subject to increased statutory penalties.  21 U.S.C. § 841(b)(1)(A)-(C) (2012).  A "felony drug offense" is defined as "an offense that is punishable by

4

imprisonment for more than one year . . . that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 802(44) (2012). Here, Gould's prior conviction was for possession of cocaine and resulted in a sentence of two years of imprisonment. Therefore, Gould's prior conviction qualified as a felony drug offense and counsel was not ineffective for failing to challenge the use of that prior conviction to enhance the applicable statutory penalties.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. Accordingly, we affirm the judgment in part and dismiss in part. This court requires that counsel inform Gould, in writing, of the right to petition the Supreme Court of the United States for further review. If Gould requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Gould. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART

5